UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID J BEAULIEU,

            Plaintiff,

    v.                                     Case No. 24-cv-964-bhl

ANDREW HERRMANN and DETECTIVE
GLEN NETTESHEIM

            Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

      In this civil rights case, *pro se* Plaintiff David Beaulieu alleges that Assistant Walworth County District Attorney Andrew Herrmann and Lake Geneva Police Detective Glen Nettesheim violated his constitutional rights in connection with Beaulieu's arrest and prosecution in state court. (*See* ECF No. 15.) Plaintiff filed the operative amended complaint in this case on October 31, 2024. (*Id.*) Defendant Nettesheim has moved to dismiss, (ECF No. 19), but Defendant Herrmann has yet to appear. On December 16, 2024, Plaintiff filed a motion for default judgment as to Herrmann. (ECF No. 22.) On December 20, 2024, the Court denied Plaintiff's motion as premature due to his failure to obtain an entry of default from the Clerk. (ECF No. 24.) The Court also noted that it was unclear from Plaintiff's motion if Defendant Herrmann had been properly served. (*Id.*) In response, on January 8, 2025, Plaintiff requested the entry of default as to Herrmann. (ECF No. 27.) The Clerk has not acted on that request. On February 6, 2025, Plaintiff filed a motion asking the Court to reconsider its "Order that [he] must hire a process server to serve the amended complaint since the original service remains unanswered by [Defendant] Herrmann." (ECF No. 30.) Plaintiff also accuses the Court of prejudice against him as a *pro se* litigant. (*Id.* at 1.)

      Plaintiff's latest motion will be denied because he asks the Court to "reconsider" an order that it did not issue. The Court denied Plaintiff's motion for default judgment because he had not obtained an entry of default from the Clerk of Court. That remains true. In doing so, the Court

also noted that Plaintiff did not appear to have properly served Herrmann and instructed him to ensure that any request for the entry of default against Herrmann was accompanied by proof that Herrmann had been properly served with the amended complaint in this matter in accordance with the Federal Rules of Civil Procedure and Wisconsin law. (ECF No. 24 at 1.) The Court did not order Plaintiff to serve the amended complaint via any specific means.

Plaintiff's January 8, 2025 request for entry of default was accompanied by an affidavit from Plaintiff and a document purporting to be proof of service on Zeke Wiedenfeld. (ECF Nos. 28 & 28-1.) Wiedenfeld was named as a defendant in Plaintiff's initial complaint, (ECF No. 1.) but was not named in the operative amended complaint. (ECF No. 15.) The only proof of service Plaintiff has provided with respect to Defendant Herrmann is a document indicating that the summons and complaint were personally served on Jill Horner, a receptionist at the Walworth County District Attorney's Office. (ECF No. 22-1 at 2). But neither Wisconsin law nor the Federal Rules allow for an individual to be served by leaving a copy of the summons and complaint at his place of business. *See* Fed. R. Civ. P. 4(e); Wis. Stat. § 801.11. Thus, Plaintiff cannot serve process on an assistant district attorney by leaving a copy of the summons and complaint with a receptionist. *See Griffin v. Brostrom*, No. 11-CV-870-JPS, 2011 WL 5925021, at *1 (E.D. Wis. Nov. 28, 2011) (leaving process at defendant's office "is clearly insufficient and does not provide this court with personal jurisdiction over" that defendant). Moreover, even if Herrmann had been properly served with a summons and the original complaint, the Federal Rules require that he also be served with the amended complaint. *See* Fed. R. Civ. P. 5(a)(1)(B). These rules apply to *pro se* and represented parties alike.

Plaintiff initiated this action on July 31, 2024, by filing his initial complaint. (ECF No. 1.) Federal Rule of Civil Procedure 4(m) gives a plaintiff 90 days after the complaint is filed to effectuate service. Plaintiff's 90-day deadline to serve Defendant Herrmann has expired, and it appears that he has not been served in accordance with the Federal Rules of Civil Procedure and Wisconsin law. The Court will give Plaintiff **21 days** to either file valid proof of service of the summons, complaint, and amended complaint on Defendant Herrmann, or show good cause for his failure to serve. If Plaintiff fails to comply with the Court's order, his claims against Defendant Herrmann will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 30, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must either file proof of service of the complaint and amended complaint on Defendant Andrew Herrmann by **March 4, 2025**, or show good cause for his failure to serve. If Plaintiff fails to comply with the Court's order, Defendant Herrmann will be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Dated at Milwaukee, Wisconsin on February 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge