UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID J BEAULIEU,

        Plaintiff,

    v.                                                 Case No. 24-cv-964-bhl

ANDREW HERRMANN and DETECTIVE
GLEN NETTESHEIM

        Defendants.

### ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

        Plaintiff David Beaulieu, proceeding without an attorney, alleges that Assistant Walworth County District Attorney Andrew Herrmann and Lake Geneva Police Detective Glen Nettesheim violated his constitutional rights in connection with Beaulieu's arrest and prosecution in state court. Both defendants have moved to dismiss. Because Beaulieu's allegations are too conclusory to state any claim for relief against either defendant and, even if a potential claim might exist, it is time-barred, Defendants' motions to dismiss will be granted and Beaulieu's case dismissed with prejudice.

### BACKGROUND[1]

        In May 2016, Beaulieu was arrested and charged with felony drug offenses in Walworth County Circuit Court. Record, *State v. Beaulieu*, No. 2016CF000190, Walworth Cnty. Cir. Ct., wcca.wicourts.gov. On June 4, 2018, while released on bond, Beaulieu was arrested for felony bail jumping. (ECF No. 15 at 1.) He was released again two days later. Record, *Beaulieu*, No. 2016CF000190. On March 28, 2019, the state court dismissed the bail jumping charge, but Beaulieu was eventually found guilty at trial on the drug charges. *Id.*

---

[1] This background is derived from Beaulieu's amended complaint, (ECF No. 15), the plausible allegations in which are presumed true when considering a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Additional facts are taken from public court records detailing Beaulieu's felony bail jumping arrest and prosecution, of which the Court may take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

Beaulieu alleges that the bail jumping charge was dismissed due to Defendants' "egregious misconduct." (ECF No. 15 ¶14.) He contends that unnamed police officers lied to his former landlords, which "forced [him] out of both homes." (*Id.* ¶12.) ADA Herrmann and "police" then feigned not knowing Beaulieu's whereabouts as the basis for his arrest and bail jumping charge. (*Id.* ¶¶13, 16.) Beaulieu also alleges that Defendants tampered with evidence, lied by omission, withheld evidence, falsely arrested and imprisoned him without probable cause, and maliciously prosecuted him. (*Id.* at ¶¶21–23.) He also alleges that ADA Herrmann committed misconduct in an unrelated case. (*Id.* ¶11.) The amended complaint does not contain any specific factual allegations concerning Detective Nettesheim's conduct.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must, however, do more than "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Beaulieu invokes 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, as well as conspiracy under 42 U.S.C. §1985(3), and several state and federal criminal statutes. (ECF No. 15 at 2–3, 5.) He seeks damages and declaratory and injunctive relief. (*Id.* at 8.) Defendants seek dismissal of all claims. (ECF Nos. 19 & 35.)

The Court will dismiss Beaulieu's claims because the amended complaint does not plausibly allege facts sufficient to support cognizable claims against either defendant. The amended complaint consists primarily of conclusory statements and accusations and is nearly devoid of actual factual allegations. The Court need not accept as true assertions of mere legal conclusions. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). While Beaulieu invokes Section 1983, he does not allege facts sufficient to support claims against either defendant. To plead a constitutional violation by government officials under Section 1983, "a plaintiff must plead that each [official], through the official's own individual actions, has violated the Constitution." *Id.* at 676. The amended complaint is silent as to what actions Defendants took that violated Beaulieu's rights.

Beaulieu argues that dismissal is inappropriate under the "Fundamental Fairness Doctrine," which, according to Beaulieu, "ensures equitable treatment for litigants without counsel." (ECF No. 37 at 2.) He cites to several cases dealing with the legal rights of prisoners who file *pro se* complaints. (*Id.* at 2, 4 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). While Beaulieu is correct that *pro se* pleadings are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a liberal construction does not help him here. Liability under Section 1983 requires personal involvement by the defendant in the alleged Constitutional violation. *Iqbal*, 556 U.S. at 676. Beaulieu's pleading does not allege any conduct by either Defendant that, if proved true, might render them liable for violating his rights. With respect to Detective Nettesheim, the amended complaint does not include any factual allegations of action by Detective Nettesheim that violated Beaulieu's rights. And, with respect to ADA Herrmann, Beaulieu's only substantive allegation is that he, along with "police," "feign[ed] not knowing [Beaulieu's] whereabouts." (ECF No. 15 ¶12.) This single allegation does not give rise to a plausible inference that ADA Herrmann is liable for false arrest, malicious prosecution, conspiracy, or any other claim. Even read liberally, Beaulieu's pleading fails because it does not give Defendants "fair notice of what [his] . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Accordingly, dismissal is appropriate under Rule 12(b)(6).

Beaulieu's claims also fail for an independent reason—they are untimely. (*See* ECF No. 17 at 16–19.) Section 1983 claims must be brought within the statute of limitations for personal injuries in the state where the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018)

(citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).[2] Under Wisconsin law, the applicable statute of limitations for Beaulieu's Section 1983 claims is three years. *See Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 1736179, at *3 (E.D. Wis. Dec. 1, 2022); Wis. Stat. §893.53 (effective April 5, 2018). A claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Mason v. Boehlke*, 25-CV-75-JPS, 2025 WL 370119, at *5 (E.D. Wis. Feb. 3, 2025) (quoting *Kato*, 549 U.S. at 397). In Beaulieu's case, his false arrest claim accrued on June 6, 2018, when he was released on bond by the state court, and expired three years later, on June 6, 2021. But Beaulieu did not file his initial complaint until July 31, 2024. (ECF No. 1.) Beaulieu's claim for false arrest in violation of Section 1983 is thus three years too late. A due process claim relating to the fabrication of evidence accrues "once the underlying criminal proceedings have resolved in the plaintiff's favor." *Mason*, 2025 WL 370119, at *5 (quoting *McDonough v. Smith*, 588 U.S. 109, 116 (2019). For Beaulieu, that date was March 28, 2019, when the state court dismissed the bail jumping charge. The statute of limitations on any due process claim thus expired on March 28, 2022, more than two years before Beaulieu filed his complaint. A malicious prosecution claim has the same three-year limitations period under Wisconsin law. *Id.* at *4 (citing *Turner v. Sanoski*, 787 N.W.2d 429, 433 (Wis. Ct. App. 2010)); Wis. Stat. §893.57 (effective Feb. 26, 2010). And like the due process claim, Beaulieu's malicious prosecution claim accrued when his bail jumping charge was dismissed. *See Mason*, 2025 WL 370119, at *4 (citing *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013)). Any malicious prosecution claim relating to the bail jumping charge thus also expired on March 28, 2022.

Beaulieu tries to excuse the untimeliness of his claims by suggesting that he is entitled to equitable tolling, that the claims relate back to the original complaint, and that there were continuing violations that extend the limitation period. (ECF No. 26 at 2.) But he offers no argument why any of these doctrines apply, and the complaint and court records make clear they do not. By March 28, 2019, at the latest, Beaulieu had all the information necessary to bring claims relating to his arrest and prosecution for bail jumping, and the complaint contains no allegations extending beyond that date, except that ADA Herrmann allegedly committed misconduct in a

---

[2] Beaulieu also alleges a conspiracy under 42 U.S.C. §1985(3), but the "function of §1985(3) is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Because both defendants are state actors, a §1985(3) claim is superfluous. *See id.* The criminal statutes Beaulieu cites also cannot form the basis of a civil claim. *See Chapa v. Adams*, 168 F.3d 1036, 1037–38 (7th Cir. 1999).

separate case having nothing to do with Beaulieu. (*See* ECF No. 15 at 4.) At the very latest, he needed to file his claims by March 28, 2022, but his initial complaint in this case was not filed until July 31, 2024—more than two years too late.

Beaulieu asks the Court to grant him leave to amend if it dismisses the amended complaint. (ECF No. 37 at 8.) The Court will deny this request. Although courts generally permit civil plaintiffs the opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). As the Court has explained, any claims relating to Beaulieu's arrest and prosecution for bail jumping are indisputably time-barred. Accordingly, dismissal with prejudice is appropriate.

## CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Defendant Glen Nettesheim's Motion to Dismiss, ECF No. 19, and Defendant Andrew Herrmann's Motion to Dismiss, ECF No. 35, are **GRANTED** and the case is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge