UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID J BEAULIEU,

    Plaintiff,

 v.                 Case No. 24-cv-964-bhl

ANDREW HERRMANN and DETECTIVE
GLEN NETTESHEIM

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

  On July 8, 2025, the Court granted Defendants Andrew Herrmann's and Glen Nettesheim's motions to dismiss and dismissed Plaintiff David Beaulieu's amended complaint for failure to state a claim and because any claims he asserted were time-barred. (ECF No. 43.) The Clerk entered judgment the same day. (ECF No. 44.) On July 17, 2025, Beaulieu filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that the Court made several manifest errors of law in dismissing his case. (ECF No. 45.) Because Beaulieu has not established that the Court made a manifest error of law, his motion will be denied.

  "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Beaulieu contends that the Court erred in dismissing his case without allowing discovery and applied a too-stringent standard to his *pro se* amended complaint. (ECF No. 45 at 2–5.) He also argues that the Court abused its discretion in dismissing his amended complaint without leave to amend. (*Id.* at 5.)

  Beaulieu has provided no grounds for the Court to reconsider its dismissal. His motion is replete with citations to inapplicable caselaw and mischaracterizations of the holdings of the cases

he cites. Beaulieu argues that "[t]he Seventh Circuit mandates discovery for pro se plaintiffs before dismissal," citing to *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996), and *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). (ECF No. 45 at 3.) But neither case supports that proposition. He repeatedly cites to *Pope v. Taylor*, 100 F.4th 918 (7th Cir. 2024), a habeas case that has no relevance here. None of the other cases Beaulieu cites suggests that the Court made a manifest error of law in dismissing this case.

Beaulieu's amended complaint, even construed liberally in light of his *pro se* status, contained only conclusory allegations of misconduct that were insufficient to raise his right to relief "above the speculative level" or give the defendants fair notice of the grounds on which his claims rested. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); (ECF No. 43 at 3.) Moreover, the allegations in the amended complaint unambiguously established that any claims related to his arrest and prosecution for bail jumping were untimely. (ECF No. 43 at 3–5); *see also Brooks v. Ross*, 578 F.3d 575, 579 (7th Cir. 2009) (finding it appropriate to consider statute of limitations at motion to dismiss stage where complaint established relevant dates). Beaulieu's speculation that he might be able to establish grounds for equitable tolling if given discovery does not warrant Rule 59(e) relief. His assertion that the Court abused its discretion by denying him leave to amend is also not grounds for relief. *See Beyrer*, 722 F.3d at 954.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David J. Beaulieu's Motion for Reconsideration, ECF No. 45, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge